v.

Jeffrey C. PORTER, Appellant.

No. ED 79801.

Missouri Court of Appeals,
Eastern District,
Division One.

June 18, 2002.

Rodney BROWN, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 80076.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 18, 2002.

Lisa M. Stroup, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joel A. Block, Asst. Attorney General, Jefferson City, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J. and PAUL J. SIMON and CLIFFORD H. AHRENS, JJ.

### ORDER

PER CURIAM.

Rodney Brown (movant) appeals the judgment denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing.

On appeal, movant contends the motion court clearly erred in finding that movant's trial counsel was ineffective because counsel: 1) failed to object to state's proposed instruction on robbery in the first degree or to submit a proposed instruction that included a definition of "dangerous instrument"; 2) failed to request an instruction based on robbery in the second degree; 3) failed to ask Detective Ernest Sutton on cross-examination why he did not interview "the alibi witnesses" until sixteen months after the state alleged victim had been robbed; and 4) failed to object when the state questioned Detective Sutton on direct examination as to whether "the alibi witnesses" had contacted him.

Movant was found guilty by a jury of robbery in the first degree, section 569.020 RSMo (1994), and received a sentence of ten years. We affirmed movant's sentence by an order in *State v. Brown*, 982 S.W.2d 796 (Mo.App. E.D.1998).

Subsequently, movant filed his Rule 29.15 motion and requested an evidentiary hearing. Appointed trial counsel filed an amended motion. The motion court denied the motion without an evidentiary hearing and entered findings of fact and conclusions of law finding that the allegations of ineffective assistance of counsel are refuted by the record.

We have read the briefs and reviewed the record on appeal and no error of law appears. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).

Judgment affirmed.